## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NASIR FINNEMEN,** <br><br> Plaintiff, <br><br> v. <br><br> **LENNY RUSSELL,** *et al.*, <br><br> Defendants. | Case No. 25–cv–16138–ESK–EAP <br><br><br> **OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Nasir Finnemen to proceed *in forma pauperis* (IFP) (ECF No. 1–2); and plaintiff having brought this action against defendants Lenny Russell, Scott Hricsina, Isaiah Atkins, and John Doe (collectively, Defendants); and the Court finding,

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.  When evaluating whether a complaint must be dismissed under § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.  A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

6.  Here, the complaint does not meet the above standards. Although the complaint and civil cover sheet assert federal question jurisdiction, (*see* ECF No. 1 p.2; ECF No. 1–1), they fail to set forth the federal question that is the basis for jurisdiction.

Accordingly,

**IT IS** on this   **3rd** day of **October 2025**   **ORDERED** that:

1.  The Application at ECF No. 1–2 is **GRANTED.**

2.  The Complaint at ECF No. 1 is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **November 3, 2025** addressing the deficiencies outlined above. If an amended complaint is not filed by November 3, 2025, the Court intends to dismiss the Complaint with prejudice.

3.  The Clerk of the Court is directed to close this case and send a copy of this Order to plaintiff by regular mail.

　　　　　　　　　　　　　　　　　　　  */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　　  **EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　　  **UNITED STATES DISTRICT JUDGE**